PER CURIAM.
This is an interlocutory appeal whereby appellant, Bernard Markowitz, attacks four separate orders entered by the trial court. After reading the briefs in this cause we are frankly uncertain as to exactly what has occurred in the trial court. The case, as argued in the briefs, is so complex and confusing that we have great sympathy for the trial court. We caution that it is counsel’s job to make a case clear rather than to muddle it. We conclude that the portion of the trial court’s order of December 17,1982, designated as a temporary injunction must be reversed. This reversal is based solely on the requirements of Florida Rule of Civil Procedure 1.610(d) governing “temporary restraining orders.” The injunctive aspects of the order of December 17, 1982, were actually in the nature of a temporary restraining order and the order is not in compliance with Rule 1.610(d) which prescribes the form of a temporary restraining order. The order does not “specify the reasons for entry.” For this reason alone we reverse the temporary restraining order. This reversal is without prejudice to the reapplication for the same or similar relief. All other matters contained in the four orders and not specifically dealt with in this opinion are not ruled upon. These matters may be presented on plenary appeal when a final judgment occurs in this matter. We urge that this matter be promptly prepared for trial and presented to the court for final disposition.
REVERSED IN PART.
DOWNEY, BERANEK and HURLEY, JJ., concur.